IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMONIQUE SHAW-GASTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1259-E |
| | § | |
| IMPERIAL RECOVERY | § | |
| SERVICES, INC., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned magistrate judge recommends that this action be stayed

pending the completion of arbitrations.

Plaintiff Domonique Shaw-Gaston filed this collective action on May 16,

2025, asserting overtime wage claims under the Fair Labor Standards Act against

Defendant Imperial Recovery Services, Inc. ("IRS").  (*See* Dkt. No. 1.)  IRS filed its

motion to compel arbitration on April 20, 2026, arguing that Plaintiff and similarly

situated employees are subject to an arbitration agreement.  (*See* Dkt. No. 13.)  That

motion has been referred to the undersigned magistrate judge for a hearing, if

necessary, and recommendation for resolution pursuant to 28 U.S.C. § 636(b).  (*See*

Dkt. No. 14.)  Before Plaintiff's deadline to file a response to that motion, on May

12, 2026, the parties filed a Joint Motion to Stay Pending Arbitrations.  (Dkt. No.

16.)  In the joint motion, the parties agree that the claims asserted by Plaintiff and

opt-in plaintiffs should be resolved in arbitration.  (*See* Dkt. No. 16 at 1-2.)  The

parties further agree in their joint motion that Plaintiff need not file a response to Defendant's original motion to compel.  (*Id.* at 2.)

Based on the parties' agreement that the claims asserted in this action are subject to arbitration, the undersigned **RECOMMENDS** that the Joint Motion to Stay Pending Arbitrations (Dkt. No. 16) be **GRANTED** and that Defendant's Motion to Compel Arbitration or, Alternatively, Motion to Dismiss Plaintiff's Complaint (Dkt. No. 13) be **DENIED as moot**.

**SO RECOMMENDED** on May 12, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).